BAILEY, APPELLANT, *v.* LEACH, ADMR., BUREAU OF UNEMPLOYMENT
COMPENSATION, APPELLEE.

(No. 7022—Decided February 19, 1963.)

*Mr. Ben Lewitt,* for appellant.
*Mr. William B. Saxbe* and *Mr. Mark McElroy,* attorneys
general, and *Mr. Daniel T. Lehigh,* for appellee.

DUFFY, P. J.   This is a companion case to case No. 7021
(118 Ohio App., 7) in which the Administrator of the Bureau
of Unemployment Compensation had appealed from the judg-
ment of the Common Pleas Court of Franklin County, Ohio.
In this case (No. 7022) it was the alleged employer, who
was doing business as the Texas Barber Shop, who appealed
from the finding of the Common Pleas Court that there was an
employer-employee relationship prior to June 1958, and that
Joe Bailey, doing business as the Texas Barber Shop, was sub-
ject to the Unemployment Compensation Act of the state of
Ohio, and was required to contribute under the law for those
barbers employed by him.
It appears that most of the evidence as to the lack of con-
trol by Joe Bailey over the barbers who worked in his shop
has to do with those barbers employed since June of 1958.   Prior
to 1959 the barbers shared with Mr. Bailey any income received
in his shop.   His earnings were dependent upon the amount
of work performed by the barbers.   Under present arrange-
ments he gets his rent whether the barbers work or not.
Based on the evidence presented, we can not say that the

trial court was wrong in finding that there was control over the manner and means of performing the work prior to June 1958, and that under the provisions of Section 4141.01, Revised Code, Joe Bailey was an employer and subject to the unemployment compensation laws prior to June 1958.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

Bryant and Duffey, JJ., concur.