BAILEY, APPELLEE, *v.* LEACH, ADMR., BUREAU OF UNEMPLOYMENT COMPENSATION, APPELLANT.*

---

*See, also 118 Ohio App., 10.

8

Mr. *Ben Lewitt*, for appellee.
Mr. *William B. Saxbe* and Mr. *Mark McElroy*, attorneys general, and Mr. *Daniel T. Lehigh*, for appellant.

DUFFY, P. J. From a determination by the Administrator of the Bureau of Unemployment Compensation that the barbers who worked in his shop were employees and that he was liable for unemployment compensation contributions, Joe Bailey, d. b. a. Texas Barber Shop, appealed to the Common Pleas Court of Franklin County, Ohio. There it was decided that the administrator's determination was not sustained by reliable, probative, and substantial evidence and was not in accordance with law; and his determination was reversed.

The administrator has now appealed to this court and makes the following assignments of error:

"1. The Common Pleas Court erred in finding that the appellee's barbers were independent contractors within the meaning of Section 4141.01 (B) (1) (c), Revised Code,

"2. The Common Pleas Court erred in finding that the redetermination with respect to employment subsequent to June 1958 was not sustained by reliable, probative and substantial evidence."

Section 4141.01 of the Revised Code reads in part as follows:

"(B) 'Employment' means service performed for wages under any contract of hire, written or oral, express or implied, including service performed in interstate commerce and service performed by an officer of a corporation, without regard to whether such service is executive, managerial, or manual in nature, and without regard to whether such officer is a stockholder or a member of the board of directors of the corporation.

"(1) 'Employment' includes:
"" * * *

"(c) Services performed by an individual for remuneration unless it is shown to the satisfaction of the administrator that such individual has been and will continue to be free from control or direction over the performance of such services, both under his contract of service and in fact, that such service is outside the usual course of the business for which such service is performed, and that such individual is customarily engaged in an independently established trade, occupation, profession, or business."

The Common Pleas Court found that the barbers were not controlled by Mr. Bailey subsequent to June 1958, that he gave no orders to the individual barbers as to how they were to conduct their business, nor did he direct customers to particular barbers. The court further found that the barbers did not perform any services directly for Mr. Bailey, and that they received their remunerations from the customers and were liable to Mr. Bailey only for the payment of rent in the amount of $25 per week. We note that the written contract is not part of the record, but the testimony on the terms and conditions of the contract is clear.

As a reviewing court, we can not say that as a matter of law the facts show conclusively an employer-employee relationship following June 1958.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

BRYANT and DUFFEY, JJ., concur.